**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PHILIP GIBSON, ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                                  **NO. 14-2273**

**MARLIN N. GUSMAN, ET AL.**                                **SECTION "B"(3)**

## ORDER AND REASONS

Before the Court is a federal civil rights complaint filed *in forma pauperis* by *pro se* Plaintiffs Philip Gibson, Mark Luzzo, and Benito Castro ("Plaintiffs"), pursuant to 42 U.S.C. § 1983.[1]  (Rec. Doc. 1).  The complaint named the following Defendants in their individual and official capacities: the "City of New Orleans, Property Management Director, John Doe"; Mayor Mitch Landrieu; the unidentified members of the New Orleans City Council; the unidentified state "Fire Marshall [sic]"; the unidentified "New Orleans Fire Inspector"; the unidentified director of the "Department of Health and Human Services"; the unidentified director of the state "Department of Hospitals"; the unidentified deputy mayors of the City of New

---

[1] In pertinent part, that statute provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (2012).

Orleans; Sheriff Marlin Gusman; Chief Earl Weaver; Chief Bordelon; Directors Martin and Jenkins; Dr. Gore; Dr. Smith; and Wardens Louque, Winfield, Pittman, and "John Doe." (Rec. Doc. 1 at 23-29).

For the reasons explained below, **IT IS ORDERED THAT** the Magistrate Judge's Report and Recommendation (Rec. Doc. 24) is **ADOPTED**, overruling instant objections to same. Accordingly, **IT IS ORDERED THAT** the instant motion for preliminary injunction is **DENIED** and the complaint is **DISMISSED WITH PREJUDICE.**

Cause of Action and Facts of Case:

Plaintiffs, who are incarcerated in Orleans Parish Prison ("OPP"), allege various conditions of their confinement within the OPP system violate their constitutional rights. (Rec. Doc. 1 at 32-35). Accordingly, Plaintiffs seek monetary damages, and an injunction or transfer to another facility. (Rec. Doc. 1 at 40). After filing their complaint, Plaintiffs moved for a preliminary injunction. (Rec. Doc. 22).

The matter was referred to United States Magistrate Judge Knowles.[2] On March 25, 2015, Judge Knowles, issued a Report and Recommendation, recommending that Plaintiffs' motion for a

---

[2] Additionally, it should be noted that Plaintiffs filed a "Motion to Certify Class Action" (Rec. Doc. 11) which was denied by the Magistrate Judge (Rec. Doc. 21 at 2).

preliminary injunction be denied and the complaint dismissed with prejudice. (*See* Rec. Docs. 22; 24 at 14). On May 4, 2015, Plaintiffs filed a timely objection to the Magistrate Judge's Report and Recommendation.[3] (Rec. Doc. 28 at 8).

Plaintiffs allege four separate claims under § 1983. First, they have been exposed to hazardous substances, namely, "toxic carcinogenic material" and black mold spores.[4] (Rec. Doc. 1 at 37). Second, the jail medical department fails to provide adequate medical care. (Rec. Doc. 1, pp. 37–38). Third, Defendants fail to adequately protect Plaintiffs from injury. (Rec. Doc. 1 at 38). Finally, the OPP's inadequate prisoner classification system has exposed Plaintiffs to a risk of injury by violent inmates. (Rec. Doc. 1 at 39).

Law and Analysis:

I.   Standard of Review

---

[3]   Plaintiffs signed and dated the objection May 4, 2015, although the document was not filed with the Court until May 8, 2015. Even so, the document was received by the Court before the expiration of the 14 day period for filing a response. 28 U.S.C. § 636(b)(1) (2009).

[4]   Plaintiffs' motion for preliminary injunction references black mold, asbestos, and cigarette smoke as environmental factors from which Courts have granted inmates relief and/or damages. However, Plaintiffs do not allege their own personal exposure to these specific substances in the list of facts set forth in the motion for preliminary injunction. (Rec. Doc. 22 at pp. 4, 6–7, 9). Moreover, Plaintiffs fail to identify *in the complaint* these substances, with the exception of black mold spores, as substances to which Plaintiffs have suffered exposure. (Rec. Doc. 1 at 37).

Upon timely objection to a magistrate judge's findings and recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[5]  28 U.S.C. § 636(b)(1).  "A judge of the [district] court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  *Id.*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990).

Although this Court construes a *pro se* civil rights litigant's claims liberally, it has broad discretion in determining when such complaints are frivolous.  *Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)); *Macias v. Raul A. (Unknown) Badge No. 153,* 23 F.3d 94, 97 (5th Cir. 1994).  The Fifth

---

[5]  In the instant case, Plaintiffs object to the Magistrate Judge's Report and Recommendation in its entirety.  (Rec. Doc. 28 at 8).

Circuit has held that a complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)). In making this determination, the Court is empowered to dismiss claims based on "indisputably meritless legal theor[ies]," as well as those claims "whose factual contentions are clearly baseless." *Macias,* 23 F.3d at 97. A complaint fails to state a claim on which relief may be granted when the plaintiff fails to allege enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009). These factual allegations, when assumed to be true, must raise a right to relief above the speculative level. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A claim is facially plausible when the plaintiff's factual allegations allow the court to draw the reasonable inference that defendant is liable for the alleged misconduct. *Iqbal,* 556 U.S. at 678.

II.  Analysis

After an independent analysis of the complaint, the applicable law, the Magistrate Judge's Report and Recommendation, and Plaintiffs' objection to the Magistrate Judge's Report and Recommendation, the Court concludes that the Magistrate Judge's Report and Recommendation should be approved and adopted over Plaintiffs' objection.

Improperly Named Defendants[6]

As a preliminary matter, Plaintiffs have improperly named a number of Defendants in their complaint. Even if given leave to amend, Plaintiffs' claims would fail on the merits for the reasons explained below. Accordingly, Plaintiffs' complaint should be dismissed because it is frivolous, and otherwise fails to state a claim upon which relief can be granted. Additionally, because Plaintiffs' underlying claims warrant dismissal *sua sponte*, Plaintiffs' motion for preliminary injunction must also be denied because of the impossibility of making the requisite showing of a "likelihood of success on the merits."

City Defendants

Included among the numerous Defendants are city officials and employees. The majority of those Defendants are not properly identified, including: "New Orleans City Council Members, John Doe(s)," "New Orleans Fire Inspector, John Doe," and "City of New Orleans Deputy Mayors, John Doe(s)."

Generally, Section 1983 claims must be asserted against identified persons, rather than "John Doe" defendants. *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009) (stating that "a § 1983

---

[6] As mentioned above, Plaintiffs are suing all Defendants in their individual and official capacities. (Rec. Doc. 1 at 29).

action must be filed against an actual identified person"); *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007) (stating that "[t]he federal rules make no provision for joining fictitious or 'John Doe' defendants in an action under a federal statute"); *Vollmer v. Bowles*, No. 3:96-CV-0081, 1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997) *on reconsideration in part,* No. 3:96-CV-0081-D, 1997 WL 135600 (N.D. Tex. Mar. 19, 1997) ("Neither the Federal Rules of Civil Procedure nor 42 U.S.C. § 1983 provides authority for joining fictitious defendants in this suit. The rules make no provision for the naming of 'Does' and later substituting a real person's name.").

Because Plaintiffs cannot pursue a lawsuit against unidentified individuals, Plaintiffs' claims against the unidentified Defendants, including unidentified members of the New Orleans City Council, unidentified "New Orleans Fire Inspector," and unidentified deputy mayors must be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted.[7]

---

[7]   Plaintiffs have named "City of New Orleans, Property Management Director, John Doe." The Magistrate Judge's Report and Recommendation lists this defendant among those that Plaintiffs have improperly named because they are unidentified. However, the Court concludes that this particular defendant is not unidentifiable, but rather improperly named for reasons explained in the following paragraphs.

As noted above, Plaintiffs' substantive claims concern the condition of their confinement within the OPP.  As the Magistrate Judge correctly recognizes, neither the improperly, nor the properly, named Defendants play any role in the day-to-day operation of the parish jails as a result of the statutorily established division of responsibilities between the City of New Orleans and the Orleans Parish Sheriff with respect to operation of the parish prison system.

Because the Court adopts in full the Magistrate Judge's analysis of this issue, that portion of the Report and Recommendation is set forth in pleno here:

> Put simply, the City, as the local governing authority, is responsible only for financing and maintaining the jails, La. Rev. Stat. Ann. §§ 15:304,[8] 15:702,[9] and 33:4715,[10] while the Sheriff is responsible for the day-to-day operation of the jails, La. Rev. Stat. Ann. §§ 13:5539(C)[11] and 15:704.[12] *See,*

---

[8] La. Rev. Stat. Ann. § 15:304 provides in pertinent part: "All expenses incurred in the different parishes of the state or in the city of New Orleans by . . . confinement . . . of persons accused or convicted of crimes . . . shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be."

[9] La. Rev. Stat. Ann. § 15:702 provides in pertinent part: "The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons."

[10] La. Rev. Stat. Ann. § 33:4715 provides in pertinent part: "The police jury of each parish shall provide . . . a good and sufficient jail . . . ."

[11] La. Rev. Stat. Ann. § 13:5539(C) provides in pertinent part: "Each sheriff shall be keeper of the public jail of his parish . . . ." This provision formerly appeared at La. Rev. Stat. Ann. § 33:1435(A).

*e.g.*, *Fairley v. Stalder*, 294 Fed. App'x 805, 812 (5th Cir. 2008) ("We have examined Louisiana Revised Statutes sections 15:702, 15:704, 33:1435, and 33:4715, and we agree that day-to-day operation of the parish prison is the responsibility of the local sheriff, and that financing and maintenance are the responsibility of the local governing authority."). This division of responsibilities was concisely explained in *Broussard v. Foti*, Civil Action No. 00-2318, 2001 WL 258055 (E.D. La. Mar. 14, 2001):

> In Louisiana, sheriffs are the final policy makers with respect to the management of jails. *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. May 8, 1998). Under Louisiana law, the authority of the Orleans Parish Criminal Sheriff is derived from the state Constitution, not from the City of New Orleans. *See* La. Const. art. 5 § 27. The sheriff's office, not the City, controls the inmates of the jail, the employees of the jail, and the daily management and operation of the jail. *See* La. R.S. § 33:1435; 15:704; *O'Quinn v. Manuel*, 773 F.2d 605, 609 (quoting *Amiss v. Dumas*, 411 So.2d 1137, 1141 (La.App. 1st Cir.), writ denied, 415 So.2d 940 (La. 1982)).
>
> Under the statutory framework, the responsibility of the City of New Orleans' is to finance and physically maintain the jail. *See Griffin v. Foti*, 523 So.2d 935, [938] (La.App. 4th Cir. 1988); *see also O'Quinn*, 773 F.2d at 609. In Louisiana, the legislative scheme dictates that the City of New Orleans bears the obligation of satisfying the expenses of housing prisoners, while the sheriff has the duty of operating the facility. *See Amiss*, 411 So.2d at 1141. The City has no authority over the operations of the jail or the management of the sheriff's employees. *See Jones*, 4 F. Supp. 2d at 613; *O'Quinn*, 773 F.2d at 609

---

[12] La. Rev. Stat. Ann. § 15:704 provides in pertinent part: "Each sheriff shall be the keeper of the public jail of his parish . . . . "

(administration of the jail is province of sheriff). In other words, the City's financial obligations do not constitute authority to control how the sheriff fulfills his duties. *See* [*Jones*, 4 F. Supp. 2d] at 613 (citing *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So. 2d 669, 670 (La. 1981)). Thus, the City's responsibilities are limited to funding and maintaining the jail. *See* La. R.S. § 15:702.

*Broussard*, 2001 WL 258055, at *2. Moreover, with respect to the City's obligation to "maintain" the jails, that obligation is one merely to fund, not actually provide, any needed maintenance. Actual provision of the maintenance is the Sheriff's responsibility. *See Rue v. Gusman*, Civ. Action No. 09-6480, 2010 WL 1930936, at *4 (E.D. La. May 11, 2010); *Griffin v. Foti*, 523 So.2d 935, 938-39 (La. App. 4th Cir.), *writ denied*, 531 So.2d 272 (La. 1988).

Therefore, the city officials and employees named in this lawsuit simply are not proper defendants with respect to plaintiffs' claims. *See, e.g., Rue*, 2010 WL 1930936, at *3-4 (finding that there was no legal basis for holding the City and its employees liable for the conditions of the plaintiff's confinement within the Orleans Parish Prison system in light of the division of responsibilities between the City and the Sheriff); Wade v. Gusman, Civ. Action No. 06-4541, 2006 WL 4017838, at *3 (E.D. La. Oct. 17, 2013) ("Because . . . [Mayor] C. Ray Nagin . . . had no authority over the operations or employees of the Orleans Parish Prison system, [he] cannot be held legally responsible for the conditions within the prison system . . . ."), adopted, 2007 WL 60998 (E.D. La. Jan. 8, 2007); Galo v. Blanco, Civ. Action No. 06-4290, 2006 WL 2860851, at *2 (E.D. La. Oct. 4, 2006) (finding that there was no legal basis for holding the mayor liable for the conditions of the plaintiff's confinement within the Orleans Parish Prison system in light of the division of responsibilities between the City and the Sheriff).

Accordingly, these claims should be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted.

<u>State Defendants</u>

Plaintiffs have also sued the unidentified state "Fire Marshall [sic]," the unidentified director of the state "Department of Health and Human Services," and the unidentified director of the state "Department of Hospitals."[13]

Because the Court adopts in full the Magistrate Judge's analysis of this issue, that portion of the Report and Recommendation is set forth in pleno here:

> Again, as already noted, naming unidentified persons as defendants is generally improper. Second, to the extent that plaintiffs are suing these defendants for monetary damages in their official capacities, that is also improper. State officials or employees sued in their official capacities for monetary damages simply are not considered "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Stotter v. University of Texas*, 508 F.3d 812, 821 (5th Cir. 2007); *American Civil Liberties Union v. Blanco*, 523 F. Supp. 2d 476, 479 (E.D. La. 2007); *Tyson v. Reed*, Civ. Action No. 09-7619, 2010 WL 360362, at *4 (E.D. La. Jan. 21, 2010); *Searls v. Louisiana*, Civ. Action No. 08-4050, 2009 WL 653043, at *6 (E.D. La. Jan. 21, 2009); *Demouchet v. Rayburn Correctional Center*, Civ. Action No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008). Additionally, because a claim against a state official or employee in his or her official capacity for monetary damages is actually a claim against the state itself, such claims are barred by the Eleventh Amendment. *Williams v. Thomas*, 169 Fed. App'x 285, 286 (5th Cir. 2006); *Tyson*, 2010 WL 360362, at *4; *Searls*, 2009 WL 653043,

---

[13] The State of Louisiana does not have a "Department of Health and Human Services" or a "Department of Hospitals." Rather, it has a "Department of Health and Hospitals. La. Rev. Stat. Ann. § 36:251 (West, WestlawNext through the 2014 Reg. Sess.). Plaintiffs are presumably attempting to sue the head of that department.

at *6; *Demouchet*, 2008 WL 2018294, at *3.

Accordingly, these claims should be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted.

### Prison Officials and Employees

Plaintiffs have sued various OPP officials and employees, including Warden "John Doe." This is generally improper for the reasons explained above.

Of the Defendants listed on the complaint, these few remain: Orleans Parish Sheriff, Marlin Gusman; OPP Chief of Security, Earl Weaver; OPP "Chief of Operations, Bordelon;" OPP Facilities Managers Martin and Jenkins; OPP Medical Services Directors Dr. Gore and Dr. Smith; OPP Wardens Louque, Winfield, and Pittman. Plaintiffs indicate in the complaint that they are suing all Defendants in both their individual and official capacities. (Rec. Doc. 1, p. 29). However, Plaintiffs fail to allege sufficient facts to maintain claims against these Defendants in any capacity.

Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983. A plaintiff must prove both the constitutional violation and that the action was taken under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156 (1978); *Polk County v. Dodson,* 454 U.S. 312

(1981). "A person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984) (*quoting United States v. Classic*, 313 U.S. 299, 326 (1941)).

"Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

Official capacity suits have been viewed as "another way of pleading an action against an entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Consequently, to hold a governmental entity liable based on an official-capacity claim in a section 1983 lawsuit, the federal violation at issue must have resulted from a "policy or custom" of that governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a

13

governmental entity." *Colle v. Brazos County, Tex.*, 981 F.2d 237, 245 (5th Cir. 1993); *see also Wetzel v. Penzato*, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. *See, e.g.*, *Murray v. Town of Mansura*, 76 Fed. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 Fed. App'x 315, 316 (5th Cir. 2003); *Wetzel*, 2009 WL 5125465, at *3.

Here, Plaintiffs do not make any factual allegations concerning the specific manner in which any of the Defendants were personally involved in the acts or omissions giving rise to the claims asserted. Nor do Plaintiffs allege that their rights were violated as a result of a governmental policy or custom, let alone identify such a policy or custom.

Therefore, Plaintiffs have not provided facts sufficient to maintain a claim against any of these Defendants in any capacity. Accordingly, any claims against the remaining Defendants should be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted.

Nevertheless, even if the Court were to overlook, or give Plaintiffs an opportunity to correct, the noted defects regarding the Defendants, Plaintiffs still would not be entitled to relief because their underlying claims also fail on the merits, as discussed below.

Exposure to Hazardous Substances (Claim 1)

Plaintiffs allege that they have been exposed to "toxic carcinogenic materials," yet only identified black mold spores as one such material. (Rec. Doc. 1 at 37). Thus, Plaintiffs have not stated a claim that rises to a level of constitutional concern.

It is well settled that prison officials must provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, medical care, and hygiene. *See Palmer v. Johnson*, 193 F.3d 346, 351–52 (5th Cir. 1999) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). Obviously, there is a point beyond which a prison's conditions are so unsanitary as to render them unconstitutional. *See, e.g., Gates v. Cook,* 376 F.3d 323, 338 (5th Cir. 2004) (holding that confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). That said, it must be remembered that, although prisons should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." *McAllister v. Strain,* No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); *accord Talib v. Gilley,* 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons

with comfortable surroundings or commodious conditions."). Rather, the mere fact that mold is present does not render a plaintiff's confinement unconstitutional. *Smith v. Gusman*, No. 14-1153-DEK, 2015 WL 2066517, at *2 (E.D. La. May 4, 2015) (citations omitted).

Furthermore, in addition to showing that the alleged exposure to a hazardous substance is sufficiently serious, Plaintiffs must also show that Defendants acted with deliberate indifference to Plaintiffs' health or safety. *See Farmer,* 511 U.S. at 834. To establish deliberate indifference, the inmate must allege facts which, if proved, show that prison officials were aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996). An official's failure to alleviate a significant risk which he should have perceived, but did not, cannot be condemned as the infliction of punishment. *See Farmer*, 511 U.S. at 837-38; *see also Reeves*, 27 F.3d at 176.

Here, Plaintiffs have not stated a condition of confinement claim that rises to a constitutional violation because they identify only black mold spores as a hazardous substance to which they allege exposure, and the mere fact that mold is present does not render Plaintiffs' confinement unconstitutional. *Smith*, 2015 WL 2066517, at *2 (citations

16

omitted).

Furthermore, Plaintiffs have not shown that prison officials were aware of a substantial risk of harm created by the alleged mold spores and failed to take reasonable measures to abate any such risk.   Therefore, Plaintiffs have not shown Defendants' deliberate indifference to Plaintiffs' health or safety, and have not otherwise shown a condition of confinement that rises to a constitutional violation.

Accordingly, this claim should be dismissed as frivolous, and for otherwise failing to state a claim upon which relief can be granted.

Inadequate Medical Care (Claim 2)

Plaintiffs further claim that the jail medical department "fails to respond appropriately to life-threatening issues." (Rec. Doc. 1, pp. 37-38).   However, Plaintiffs do not provide adequate facts to support this claim, or raise it above a speculative level.

A prisoner's right to medical care is violated *only* if his "serious medical needs" have been met with "deliberate indifference" on the part of penal authorities.   *See, e.g., Harris v. Hegmann,* 198 F.3d 153, 159 (5th Cir. 1999); *Sandifer v. Tanner*, No. 14-2992, 2015 WL 2157352, at *9 (E.D. La. May 7, 2015).   "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even

laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). Furthermore,

> [d]eliberate indifference is an extremely high standard to meet . . . . [T]he plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs . . . . And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

*Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999).

Here, Plaintiffs do not specifically allege, or provide facts to support, a claim that they—the Plaintiffs—have serious medical needs. Nor do Plaintiffs provide facts to support a claim that Defendants have been deliberately indifferent. Plaintiffs do not show that Defendants refused to treat them, ignored their complaints, intentionally treated them incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.

To the extent that the Plaintiffs attempt to bring a claim

on behalf of other inmates, Plaintiffs lack standing to do so. [14]
*See Gregory v. McKennon*, 430 Fed. App'x 306, 310 (5th Cir. 2011)
(finding that a prisoner cannot necessarily bring claims under
42 U.S.C. § 1983 on behalf of other prisoners); *Reeves*, 37 F.3d
631 (5th Cir. 1994) (holding civil rights litigants must show a
constitutional violation of personal rights).

Thus, Plaintiffs have not pled sufficient facts to provide
this claim with an arguable basis in law or fact, or raise a
right to relief above the speculative level, even assuming that
all the facts alleged in the complaint were true.   Therefore,
this claim should be dismissed as being frivolous and for
otherwise failing to state a claim for which relief can be
granted.

Failure to Meet Responsibilities to Prevent Harm and Protect
from Violence (Claims 3 and 4)

Additionally, Plaintiffs claim that "La State Departments"
fail to "respond appropriately to life threatening issues within
their know [sic] duty by law to act with authority in preventing
these injuries." (Rec. Doc. 1 at 38).   Furthermore, Plaintiffs
claim that they "continue to sustain injury by Plaintiffs [sic]
that exhibit deliberate indifference to Plaintiffs substantial
risk of serious physical injury as a result of listed conditions

---

[14] As previously noted, Plaintiffs' motion to certify this
matter as a class action was denied.  (Rec. Docs. 11 and 21).

and exposure to violent persons thru [sic] lack of appropriate classification in violation of Plaintiffs rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution." (Rec. Doc. 1, pp. 38-39).  However, Plaintiffs do not provide a factual basis for these claims.

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference . . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-8.

Furthermore, it is "well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas,* 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer,* 511 U.S. at 832-33). This duty, grounded in the Eighth Amendment, is nevertheless a limited one.  To succeed on a failure-to-protect claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to the inmate's safety." *Johnson v. Johnson,* 385 F.3d 503, 524 (5th Cir. 2004) (internal

quotation marks omitted); *see also Daniels v. Williams*, 474 U.S. 327, 330 (1986) (stating that mere negligence may not be enough to state a claim under § 1983).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 678-79 (citing Fed.R.Civ.P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). *See Loughlin v. Tweed*, No. 15-649, 2015 WL 3646777, at *4 (E.D. La. June 10, 2015).

Here, Plaintiffs do not sufficiently support factually their claims of injury. Rather Plaintiffs merely make a number of conclusory statements from which the Court must endeavor to divine the nature of the claims that Plaintiffs attempt to assert, and which fail to meet the requirements of pleading under Rule 8.

Moreover, Plaintiffs' assertion that the OPP inmate classification system places Plaintiffs in harm's way is not sufficient to give rise to a federal claim. *Morrison v. Gusman*, No. 10-217 A, 2010 WL 724173, at *5 (E.D. La. Feb. 22, 2010) (holding conclusory allegations are insufficient to state a

civil rights claim); *see also Jones v. Diamond*, 594 F.2d 997, 1015 (5th Cir. 1979) *on reh'g*, 636 F.2d 1364 (5th Cir. 1981) (stating that district court orders requiring State prisons to develop classification systems were not predicated on an Eighth Amendment right to classification, but were used as remedies employed to eradicate abuses that were themselves unconstitutional); *see also Jones v. Gusman*, 296 F.R.D. 416, 430-31 (E.D. La. 2013) (stating conditions of confinement, including an inadequate prisoner classification system, may establish an Eighth Amendment violation in combination only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise) (citing *Gates,* 376 F.3d at 333). Plaintiffs have not shown that that they are deprived of a single identifiable need due to the alleged inadequacies of the inmate classification system, alone or in any combination with other allegations of conditions of confinement. Plaintiffs have not shown that they personally are particularly susceptible to attack in the future due to the purported inadequacies of the classification system. Instead, Plaintiffs offer only conclusory statements insufficient to make a federal claim. *Iqbal,* 556 U.S. at 678-79.

Having failed to establish a factual basis for the allegations, claims 3 and 4 of the complaint should be dismissed

as being frivolous and for otherwise failing to state a claim for which relief can be granted.

Motion for Preliminary Injunction

Finally, Plaintiffs have filed a motion for preliminary injunction. (Rec. Doc. 22).

A preliminary injunction is an "extraordinary remedy" that a movant is only entitled to when he shows, among other requirements, that his claim will succeed on the merits. *See Douthit v. Dean*, 568 Fed. App'x 336, 337 (5th Cir. 2014) (citing *Byrum v. Landreth,* 566 F.3d 442, 445 (5th Cir. 2009)).

Because all of Plaintiffs' claims should be dismissed as being frivolous and for otherwise failing to state a claim for which relief can be granted, Plaintiffs are unable to make this required showing. Accordingly, Plaintiffs' motion for preliminary injunction should be denied.

Conclusion

After an independent analysis of the complaint, the applicable law, the Magistrate Judge's Report and Recommendation, and Plaintiffs' objection to the Magistrate Judge's Report and Recommendation, **IT IS ORDERED THAT** the Magistrate Judge's Report and Recommendation should be **APPROVED and ADOPTED** over Plaintiffs' objection. Plaintiffs have improperly named a number of Defendants in their complaint and, even if given leave to amend, Plaintiffs' claims would fail on

the merits for the reasons explained above.

Accordingly, **IT IS ORDERED THAT** Plaintiffs' complaint is **DISMISSED WITH PREJUDICE** because it is frivolous, and otherwise fails to state a claim upon which relief can be granted. Additionally, **IT IS ORDERED THAT** Plaintiffs' motion for preliminary injunction is **DENIED** because all of Plaintiffs' underlying claims warrant dismissal *sua sponte*, and it is therefore impossible for Plaintiffs to make the requisite showing of a "likelihood that the claims will be successful on the merits."

New Orleans, Louisiana, this 18th day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE